S03Y1128. IN THE MATTER OF NED BARRIE MAJORS.
(583 SE2d 864)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of the Review Panel of the State Disciplinary Board which adopted the findings of fact and most of the con-

clusions of law set out in the Report and Recommendation of the special master who was appointed following the filing of a Formal Complaint by the State Bar. Considering the record, the Review Panel found that Majors violated Standards 30, 65 (A) and 65 (D) of Bar Rule 4-102 (d), any of which may be punished by disbarment, and recommended that Majors be disbarred. We agree.

The extensive record shows Majors to be a South Carolina resident who has been a member of the State Bar of Georgia since 1993; in 1992, Majors incorporated Tax Lien Acquisitions, Inc. ("TLA"); the stock of TLA was owned by Majors and Ms. Lynn Featherly in equal shares; at all relevant times, Majors was a corporate officer in TLA, acted as TLA's registered agent and after his admission to the Bar in 1993, became Chief Legal Counsel for TLA; from 1993 until June 1999 when TLA was placed into receivership pursuant to a court order, Majors held himself out as legal counsel for TLA; in 1998, Majors filed a Complaint for Equitable Distribution in the Superior Court of Fulton County naming Featherly and TLA as defendants, and in his capacity as TLA's registered agent accepted service of his own complaint; in accepting service, Majors listed his place of residence as TLA's corporate office which was located in Roswell, Georgia; after Featherly's attorney answered the complaint on TLA's behalf, Majors successfully sought to have that attorney disqualified, at least in part, on the grounds that he, Majors, was TLA's sole corporate counsel; thus, Majors held himself out as TLA's corporate counsel at various times throughout the litigation; Majors never disclosed or provided written notice to TLA or Featherly that his interest in the litigation may affect his professional judgment and never obtained TLA's consent to continue his representation of TLA; after his admission to the Bar, Majors opened a lawyers' trust account ("IOLTA") in the name of "Ned Majors Trust FBO Tax Liens"; Majors improperly withdrew money from that account for his own personal use; he failed to account for funds contained in that account; and he failed to keep or maintain appropriate records reflecting the exact balance held in that account for each client or other fiduciary.

These facts, which are amply supported by the record before the special master, mandate the conclusion that Majors violated Standards 30, 65 (A) and 65 (D) of Bar Rule 4-102 (d). Although Majors now complains about the manner in which the evidentiary hearing was held, he failed to preserve any objections he may have had to that hearing. Therefore, the Review Panel did not err in refusing to grant Majors a new hearing. Thus, the lower tribunals were correct in their determination that Majors violated disciplinary rules which would allow for disbarment. In aggravation of discipline, we note that although the record showed no evidence of actual conversion of client or fiduciary funds, Majors engaged in significant and extensive

commingling of personal funds with client and fiduciary funds, thereby creating a situation which had the potential to cause serious injury to his clients; that Majors engaged in a pattern of misconduct which he knew or should have known to be in violation of the Disciplinary Rules; and that, even now, Majors appears to recognize neither the wrongful nature of his conduct nor the threat to the public if the Disciplinary Standards are not scrupulously observed. We note no factors in mitigation and therefore we find that the facts in this case support the imposition of a significant sanction for the violations shown herein. Accordingly, it is hereby ordered that Majors be disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JULY 10, 2003 —
RECONSIDERATION DENIED JULY 30, 2003.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.
*James E. Spence, Jr.*, for Majors.